JOSHUA A. SLIKER, ESQ
Nevada Bar No. 12493
KYLE J. HOYT, ESQ
Nevada Bar No. 14886
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*4283929 Delaware, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CURT WEIMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>4283929 DELAWARE, LLC; GATEWAY US HOLDINGS, INC.; GATEWAY SERVICES, INC.; DOES I through V; and DOE CORPORATIONS I through V,<br><br>　　　　Defendants. | Case No.: 2:22-cv-01707-MMD-NJK<br><br>**STIPULATION AND ORDER TO EXTEND TIME FOR DEFENDANT 4283929 DELAWARE, LLC TO FILE A REPLY BRIEF IN RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION; MOTION TO DISMISS OR STAY THE CASE; AND MOTION TO STAY DISCOVERY**<br><br>**(Second Request)** |

Defendant 4283929 Delaware, LLC, by and through its attorneys, Jackson Lewis P.C., and Plaintiff Curt Weiman, by and through his counsel, Richard Segerblom, Esq., hereby stipulate and agree to an extension of time for Defendant to file a Reply to Plaintiff's Opposition to Motion to Compel Arbitration; Motion to Dismiss or Stay the Case, and Motion to Stay Discovery, which was due on December 6, 2022, up to and including December 13, 2022.

This is the second request for an extension of time to respond to Plaintiff's Opposition. On December 6, 2022, the parties submitted a stipulation seeking the same period of extension. (ECF 19). On December 7, 2022, the request was denied without prejudice for failing to state the reasons for the extension requested. (ECF 20).

Defendant seeks an extension because Defendant's counsel is currently engaged in

significant witness preparation efforts and defending depositions in an unrelated arbitration proceeding involving 12 parties. The depositions were challenged in that proceeding and not certain to proceed until the arbitrator issued an order on December 5th which scheduled depositions to take place on December 6th and 9th. These events required counsel to immediately devote full attention to the depositions. Further, undersigned counsel has been caring for an immediate family member experiencing illness.

Pursuant to LR IA 6-1(a), Defendant's Counsel respectfully submits that the filing of this stipulation following the December 6, 2022 deadline is the result of excusable neglect. Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir.2009). There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Here, the filing of the second stipulation on December 7, 2022 meets the standard. There is no prejudice to Plaintiff, who has already filed his Opposition to the Motions, and has consented to the proposed extension. The length of delay is very short and will have minimal impact on the proceedings. Additionally, Defendants diligently sought the agreement of Plaintiff within the time provided to submit a response. Following the Court's Order denying the prior stipulation without prejudice, Defendants' Counsel immediately prepared this stipulation to address the issue. Further, Defendants have not sought to delay these proceedings and only seek an extension in good faith so that they can respond to the arguments and authority raised in Plaintiff's briefing and reach a determination on the merits.

///

This Stipulation is brought in good faith and not for the purpose of delay.

DATED this 7th day of December, 2022.

JACKSON LEWIS P.C.

*Kyle J. Hoyt*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
KYLE J. HOYT, ESQ.
Nevada Bar No. 14886
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Defendant 4283929 Delaware, LLC*

*/s/ Richard Segerblom*
RICHARD SEGERBLOM, ESQ.
Nevada Bar No. 1010
602 South Tenth Street
Las Vegas, Nevada 89101

*Attorney for Plaintiff Curt Weiman*

**ORDER**

IT IS SO ORDERED.

Dated: December 8, 2022.

_____
United States Magistrate Judge

4860-7439-5714, v. 1

3